**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 21**

Docket No. AT-0752-17-0162-I-1

**Gary L. Thurman,**

**Appellant,**

**v.**

**United States Postal Service,**

**Agency.**

July 12, 2022

Harvey G. Orr, Riverdale, Georgia, for the appellant.

Candace D. Embry, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed his removal based on a single charge of improper conduct. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision. We also take this opportunity to revisit the Board's decision in *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146 (2010), and similar cases, to clarify the factors the Board will consider in determining whether a previously raised affirmative defense has been effectively waived or abandoned by the appellant.

BACKGROUND

¶2     The agency removed the appellant from his position as a PS-4 Laborer Custodial based on a single charge of "improper conduct" following an investigation conducted by the U.S. Postal Inspection Service into two workplace incidents. Initial Appeal File (IAF), Tab 4 at 15-20, 27-30, 49-73. According to the agency's charge, the appellant violated the agency's Employee and Labor Relations Manual's prohibition against violent and/or threatening behavior when he told a coworker that if his vehicle was towed from the agency parking lot again, he "would come into work and end up shooting someone out of revenge and anger." *Id*. at 27. The agency also alleged that the appellant told the same coworker that he was having law enforcement follow her because of a verbal dispute the two had a year earlier and that the "only reason [he] didn't have anything 'bad' happen to her was because she has children." *Id*. According to the agency, the following day the appellant told the same coworker that he was having law enforcement follow and harass a supervisor's son in retaliation for his vehicle being towed from the agency parking lot and that he would make sure that the supervisor's son was "booked" for "Driving Under the Influence . . . and other traffic violations." *Id*.

¶3     The appellant filed a Board appeal in which he asserted, among other things, that the evidence did not show that he engaged in the alleged misconduct. IAF, Tab 1 at 2. He also indicated on his appeal form that he was raising the affirmative defense of retaliation for prior protected activity, including his filing of a Board appeal challenging his placement on an emergency suspension for essentially the same conduct that formed the basis of the removal action.[1] IAF,

---

[1] The administrative judge dismissed the appellant's previous appeal as settled. That decision became the final decision of the Board when neither party filed a petition for review. *Thurman v. U.S. Postal Service*, MSPB Docket No. AT-0752-16-0601-I-1, Initial Decision (Sept. 6, 2016).

Tab 1 at 2, Tab 4 at 104; *Thurman v. U.S. Postal Service*, MSPB Docket No. AT-0752-16-0601-I-1, Initial Decision (Sept. 6, 2016).

¶4   After holding the appellant's requested hearing, the administrative judge found that the agency proved the improper conduct charge by preponderant evidence.  IAF, Tab 14, Initial Decision (ID) at 3-7.  The administrative judge also found that the agency established a nexus between the misconduct and the efficiency of the service, and that the penalty of removal was reasonable.  ID at 7-8.  He affirmed the removal action.  ID at 9.

¶5   The appellant has filed a petition for review in which he argues, among other things, that he did not engage in the alleged misconduct, that the administrative judge erred in his credibility determinations, and that the employee to whom he allegedly made the statements possessed poor character, had attendance deficiencies, had made inconsistent statements about the alleged incidents, had been untruthful in the past, and committed perjury in her hearing testimony.  Petition for Review (PFR) File, Tab 1 at 1-6.  He also argues that the agency violated title VII of the Civil Rights Act of 1964 when it towed his vehicle but did not tow the vehicles of other employees and that the agency used his filing of grievances and discrimination complaints to show that he made threats, but that his past filings show that he resolved his problems through means other than threats.[2]  *Id*. at 7-8.  The agency has filed a response to the petition for review.  PFR File, Tab 3.

---

[2] The appellant also argues on review that it is unclear if his parking in an unauthorized parking spot was a specification of misconduct.  PFR File, Tab 1 at 7.  To the extent he is arguing that his parking violations were inappropriately considered as a separate specification of the improper conduct charge, this argument is without merit.  While the proposal letter does note that the appellant's vehicle was towed for improper parking, this information was included in the agency's narrative charge to provide context about the events that preceded the appellant's statements that formed the basis of the improper conduct charge.  IAF, Tab 4 at 27.

## ANALYSIS

<u>The appellant has not shown error in the administrative judge's credibility determinations and well-reasoned findings of fact and conclusions of law.</u>

¶6        In sustaining the charged misconduct, the administrative judge thoroughly addressed the record evidence, including the hearing testimony concerning the contested conversations, and provided a detailed explanation for why he found the agency witness's version of events more credible.[3] ID at 5-7.  The administrative judge based his findings in part on the witnesses' demeanor.  ID at 6.  The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002); *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016); *Sabio v. Department of Veterans Affairs*, 124 M.S.P.R. 161, ¶ 38 (2017).  The appellant's arguments on review regarding the credibility of the agency's witness are insufficient to cause us to disturb the administrative judge's well-reasoned findings.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on the issue of credibility); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

---

[3] In making his credibility determinations, the administrative judge relied on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).  ID at 5-7. In *Hillen*, the Board found that, in assessing a witness's credibility, an administrative judge should consider the following factors:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  35 M.S.P.R. at 458.

¶7        The appellant argues for the first time on review that the agency engaged in "intentional discrimination in violation of title VII of the Civil Rights Act of 1964" by towing his vehicles, but not those of a number of other agency employees. PFR File, Tab 1 at 7-8. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay*, 123 M.S.P.R. 245, ¶ 6; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has not explained why this argument could not have been raised before the administrative judge, and thus we need not consider it. In any event, the claim is unduly vague; the appellant does not identify which type of discrimination this action represented, and he provides no explanation for how this alleged discrimination related to his removal for improper conduct. Thus, the argument provides no basis to grant the appellant's petition for review. *See* 5 C.F.R. § 1201.115(d).

¶8        Regarding the appellant's argument that the agency used his history of filing grievances and discrimination complaints to show that he "must have made the threats as alleged," the appellant similarly did not make this argument before the administrative judge, and therefore we need not consider it either. PFR File, Tab 1 at 8; *see Clay*, 123 M.S.P.R. 245, ¶ 6; *Banks*, 4 M.S.P.R. at 271. Additionally, the appellant mischaracterizes the agency's reason for raising his history of filing grievances and equal employment opportunity (EEO) complaints. On cross-examination during the hearing, the agency asked the appellant about a series of EEO complaints he unsuccessfully filed against the agency and asked whether his failure to succeed in those complaints motivated him to make the alleged threatening statements. IAF, Tab 13, Hearing Compact Disc (HCD) (testimony of the appellant). Such an inquiry into the appellant's potential motive is not impermissible, and accordingly, this argument also does not provide any basis for granting the petition for review. *See* 5 C.F.R. § 1201.115(d).

<u>We overrule the holding in *Wynn* that the Board must always remand a case for consideration of an affirmative defense if an administrative judge has failed to comply with its requirements and now make clear that the Board will consider a number of relevant factors in determining whether an appellant's apparent waiver or abandonment of a previously raised affirmative defense was effective.</u>

¶9        We now turn to a matter that was not addressed in the appellant's petition for review but that nonetheless requires our attention.  As noted above, the appellant indicated on his appeal form that he was raising the affirmative defense of retaliation for prior protected activity, including filing a Board appeal.[4]  IAF, Tab 1 at 2.  In an order summarizing the prehearing conference that took place on February 15, 2017, the administrative judge identified the issues presented on appeal and noted that, during the conference, the appellant's representative indicated that the appellant was "raising no affirmative defenses."  IAF, Tab 9 at 2.  The order also noted that the issues included in it were "**to the exclusion of all others**" (emphasis in original) and allowed either party to object to the summary, which neither party did.  *Id.* at 1-2.  The appellant did not discuss the prior Board appeal or his claim of retaliation for filing that appeal in any subsequent filing or during the hearing, and the administrative judge's initial decision made no reference to the appellant's prior Board appeal or to any potential affirmative defense.  HCD; ID.  Additionally, neither the appellant's petition for review, nor the agency's response, mentioned the prior Board appeal or a claim of retaliation for filing a prior appeal or the administrative judge's handling of the appellant's retaliation claim.  PFR File, Tabs 1, 3.

¶10        In *Wynn*, [115 M.S.P.R. 146](#), ¶ 10, the Board held that when an appellant raises an affirmative defense, the administrative judge must address the affirmative defense in a close of record order or prehearing conference summary.

---

[4] Although the appellant stated that his claim of retaliation <u>included</u> retaliation for filing a previous Board appeal, thus suggesting that retaliation for the prior Board appeal was not the only claim of retaliation he was raising, he did not identify another retaliatory act or another prior protected activity.  IAF, Tab 1 at 2.

Additionally, the Board held that if an appellant expressed an intention to withdraw or abandon an affirmative defense, the administrative judge must, at a minimum, identify the affirmative defense, explain that the Board will no longer consider the affirmative defense in deciding the appeal, and provide the appellant with an opportunity to object to the withdrawal of the affirmative defense. *Id.* If an administrative judge failed to take the above steps in confirming an appellant's withdrawal or abandonment of a previously raised affirmative defense, and neither the administrative judge's orders nor the agency's submissions provided the appellant with notice of the proper burdens and elements of proof for that affirmative defense, the Board determined that remand would be necessary. *Id.*, ¶¶ 12-13.

¶11 Although not specifically stated in *Wynn*, a careful reading of that decision reveals that the appellant did not raise his affirmative defenses or the administrative judge's handling of them in his petition for review. *Id.*, ¶¶ 3, 5. Nevertheless, the Board in *Wynn* remanded the appeal with instructions for the administrative judge to address the appellant's affirmative defenses. *Id.*, ¶ 14. The Board followed the approach set forth in *Wynn* in *Hall v. Department of Transportation*, 119 M.S.P.R. 180 (2013), where again, even though there is no indication that the appellant raised several of his affirmative defenses or the administrative judge's handling of them on petition for review, the Board remanded the appeal for adjudication of all of the appellant's affirmative defenses, even the ones he did not raise on review. *Id.*, ¶¶ 2-3, 6-7, 9.

¶12 Although the Board followed the approach set forth in *Wynn* in *Hall*, the Board has not been entirely consistent in its application of *Wynn*, and in a number of nonprecedential decisions issued after *Wynn*, the Board identified an administrative judge's failure to provide the notice required by *Wynn*, but nonetheless declined to remand the case for continued consideration of the

affirmative defense claim.[5]  For example, in *Brown v. Department of Defense*, MSPB Docket No. SF-0752-15-0761-I-1, Final Order, ¶¶ 15-18 (Dec. 29, 2016), *aff'd*, 705 F. App'x 966 (Fed. Cir. 2017), the Board noted that the administrative judge failed to address the appellant's due process affirmative defense and, citing *Wynn,* identified that failure as error.  *Id.*, ¶ 15.  Nonetheless, the Board determined that remand was not necessary because the matter could be resolved on the undisputed record.  *Id.*, ¶¶ 15-18.  Similarly, in *Richard v. U.S. Postal Service*, MSPB Docket No. DE-0752-12-0398-I-1, Final Order at 4-8 (July 14, 2014), the Board noted that the administrative judge failed to specifically inform the appellant that his affirmative defense of reprisal for the use of Family and Medical Leave Act protected leave would be considered waived unless he raised an objection to its exclusion from the prehearing conference summary.  *Id.* at 6.  Based on the administrative judge's failure to inform Mr. Richard of his ability to object to the summary and of the consequence of failing to object, the Board found that his affirmative defense was not waived.  *Id*.  Nonetheless, the Board found that the record on the affirmative defense at issue in that case was sufficiently well developed to decide the question without a remand.  *Id.* at 6-8.

¶13     There are also a significant number of nonprecedential decisions in which the appellant raised an affirmative defense in the proceedings before the administrative judge, the administrative judge failed to follow the instructions of *Wynn*, the appellant either did not raise the affirmative defense or the administrative judge's failure to follow *Wynn* on review, and the Board did not address the matter in the final decision.  For example, in *Day v. Department of Homeland Security*, the appellant originally asserted that he was filing claims under both the Uniformed Services Employment and Reemployment Rights Act

---

[5] We are not citing the following nonprecedential decisions as precedent in support of our decision but rather to show that the Board has not been consistent in this area.  *See* 5 C.F.R. § 1201.117(c)(2).

(USERRA) and the Veterans Employment Opportunities Act of 1998. *Day v. Department of Homeland Security*, MSPB Docket No. PH-3330-13-0004-I-1, Initial Appeal File (*Day* IAF), Tab 1 at 4-9. The administrative judge did not address the USERRA claim in the Acknowledgment Order or the Close of Record Order and did not issue a separate jurisdictional order narrowing the scope of issues to be considered. *See Day* IAF, Tab 2 at 2; Tab 7. In the initial decision, the administrative judge did not identify or refer to the USERRA claim. *Day v. Department of Homeland Security*, MSPB Docket No. PH-3330-13-0004-I-1, Initial Decision (Nov. 30, 2012). Although obedience to the holding in *Wynn* would have required remand for consideration of the appellant's USERRA claim even though the appellant did not raise the claim in his petition for review, *Day v. Department of Homeland Security*, MSPB Docket No. PH-3330-13-0004-I-1, Petition for Review File, Tab 1, the Board nonetheless issued a Final Order affirming the initial decision without any mention of the USERRA claim or of *Wynn*'s remand requirement. *Day v. Department of Homeland Security*, MSPB Docket No. PH-3330-13-0004-I-1, Final Order (Dec. 23, 2013).

¶14 Similarly, in *Freeland v. Department of Defense*, on the initial appeal form contesting his removal, the appellant checked the box identifying the affirmative defense of discrimination. *Freeland v. Department of Defense*, MSPB Docket No. PH-0752-12-0072-I-1, Initial Appeal File (*Freeland* IAF), Tab 1 at 5. As in *Day*, the administrative judge did not provide the appellant with notice regarding his burden of proving the affirmative defense, did not address the affirmative defense in any close of record order or prehearing conference summary and order, and did not address it in his initial decision. *See Freeland* IAF, Tabs 2, 8, 13; *Freeland v. Department of Defense*, MSPB Docket No. PH-0752-12-0072-I-1, Initial Decision (Mar. 15, 2012). Additionally, the appellant did not raise the matter in his petition for review. *Freeland v. Department of Defense*, MSPB Docket No. PH-0752-12-0072-I-1, Petition for Review File, Tab 1. In the Board's Final Order, it did not state that the discrimination affirmative defense

was waived and made no mention of the affirmative defense, or of *Wynn*. *Freeland v. Department of Defense*, MSPB Docket No. PH-0752-12-0072-I-1, Final Order (Jan. 22, 2013).

¶15    By obligating the Board on review to address apparently waived affirmative defenses sua sponte, *Wynn* also represented a significant departure from the cases that preceded it and upon which it purported to rely.  In *Erkins v. U.S. Postal Service*, 108 M.S.P.R. 367, ¶¶ 5, 9 (2008), a case *Wynn* identified as "similar," the Board remanded for adjudication of the appellant's affirmative defenses when the appellant specifically raised the administrative judge's failure to address his retaliation affirmative defense in his petition for review.  Similarly, in *Carlisle v. Department of Defense*, 93 M.S.P.R. 280, ¶¶ 11-12 (2003), relied on in the *Erkins* decision, the Board remanded the case to the administrative judge for consideration of the appellant's disability discrimination affirmative defense claim, concluding that, although the administrative judge adjudicated the claim, he improperly failed to consider evidence related thereto and failed to apprise the appellant of the applicable burdens for proving it.  But, as in *Erkins*, the Board highlighted the fact that the appellant had specifically raised the affirmative defense claim below and preserved the issue by raising it again in his petition for review.  *Id.*, ¶ 11.

¶16    The inconsistent manner in which the Board has treated the requirements set forth in *Wynn* and the departure that *Wynn* represents from prior precedent leads us carefully to consider the wisdom of the inflexible approach articulated in that decision.  Moreover, a rule that almost mechanically requires a remand in most situations in which an appellant raises an affirmative defense in his initial appeal and then makes little or no effort to pursue it further could easily result in a remand to address an affirmative defense that the appellant decided he did not want to pursue or wanted to pursue in another forum.  Such meaningless process is not an efficient use of the Board's limited adjudicatory resources, costs the parties needless time and expense, and delays closure of the Board appeal.  For

example, in *Iskander v. Department of the Navy*, MSPB Docket No. DC-0752-11-0090-I-1, Final Order at 5-7 (Dec. 20, 2011), the Board concluded that the administrative judge failed to address the appellant's discrimination affirmative defense and, citing *Wynn*, issued an order remanding the case with instructions for the administrative judge to consider the affirmative defense, which was the only matter at issue on remand. On remand, the appellant withdrew her discrimination affirmative defense, stating that she intended to litigate her discrimination claim through the Equal Employment Opportunity Commission process, and the administrative judge issued a second initial decision that did little more than note the appellant's withdrawal and adopt the findings of the first initial decision. *Iskander v. Department of the Navy*, MSPB Docket No. DC-0752-11-0090-B-1, Initial Decision at 2-3 (Jan. 18, 2012). Thus, the Board remand served no apparent purpose.

¶17    After careful consideration, we find that, to the extent *Wynn* held that, when an administrative judge has failed to comply with its requirements, the Board always must raise an affirmative defense waiver or abandonment issue sua sponte and remand the case for consideration of the affirmative defense, it is overruled.[6] Instead, in determining whether an administrative judge erred in not addressing an appellant's affirmative defenses such that remand is necessary, the Board will examine a number of factors that are instructive as to the ultimate question of whether an appellant demonstrated his intent to continue pursuing his affirmative defense, and whether he conveyed that intent after filing the initial appeal.[7]

---

[6] Cases that followed the approach set forth in *Wynn*, such as *Hall*, [119 M.S.P.R. 180](#), are also overruled.

[7] Nothing in our decision alters the requirement set forth in *Wynn*, [115 M.S.P.R. 146](#), ¶ 10, that administrative judges must, at a minimum, identify all affirmative defenses raised in an appeal in any close of record order or prehearing conference summary and order, explain that the Board will no longer consider an affirmative defense if an appellant expresses the intention to withdraw it, and give the appellant an opportunity to object to withdrawal of the affirmative defense.

¶18　　The factors articulated below are not exhaustive, and none of the individual factors identified will be dispositive in determining whether a particular appellant will be deemed to have waived or abandoned a previously identified affirmative defense. Instead, the applicability and weight of each factor should be determined on a case-by-case basis. Among the relevant factors are: (1) the thoroughness and clarity with which the appellant raised an affirmative defense; (2) the degree to which the appellant continued to pursue the affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when specifically afforded an opportunity to object and the consequences of the failure were made clear; (4) whether the appellant raised the affirmative defense or the administrative judge's processing of the affirmative defense claim in the petition for review; (5) whether the appellant was represented during the course of the appeal before the administrative judge and on petition for review, and if not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. We now apply the factors set forth above to the facts of the instant case.

We are also mindful of Board and U.S. Court of Appeals for the Federal Circuit precedent noting that an appellant must be provided with notice of his burden in establishing Board jurisdiction over his claim, and nothing in our decision here alters that obligation. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985); *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 8 (2010). Consistent with *Burgess* and its progeny, if the Board determines that an administrative judge's abandonment or waiver determination was erroneous, and neither the initial decision nor the agency's filings placed the appellant on notice of his burdens, a remand still will be necessary to provide the appellant with adequate notice of his burdens. *See Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 8 (2007) (stating that an administrative judge's failure to provide proper *Burgess* notice can be cured if the agency's pleadings or the initial decision contain the required notice).

*(1) The thoroughness and clarity with which the appellant raised his affirmative defense*

¶19    On his appeal form, the appellant raised "an affirmative defense of retaliation for [] prior protected activity," including, "filing of a Board appeal concerning his emergency placement suspension." IAF, Tab 1 at 2. This is the only information the appellant provided related to his purported affirmative defense of retaliation for filing a prior Board appeal. *Id.* The appellant described the nature of his prior Board appeal as a challenge to his "emergency placement on suspension," but he did not provide any additional information about the prior appeal or offer any explanation of how the agency's later removal decision was taken in retaliation for his filing of that appeal. The only additional information in the record concerning the prior appeal was provided by the agency in its response to the instant appeal, in which it confirmed that the prior appeal was filed and was later resolved by settlement agreement. IAF, Tab 4 at 8-9. The appellant did not challenge this characterization in any subsequent filing or at the hearing, or offer to expand upon it. Such sparse information regarding the potential affirmative defense amounts to little more than a pro forma allegation of wrongdoing. *E.g.*, *Pinegar v. Federal Election Commission*, 105 M.S.P.R. 677, ¶¶ 31-32 (2007) (finding insufficient a bare allegation of gender discrimination unsupported by any factual assertions); *Taylor v. U.S. Postal Service*, 75 M.S.P.R. 322, 328 (1997) (determining that the appellant's pro forma sex and race discrimination claims on petition for review were inadequate to show that the administrative judge erred in finding those claims unproven); *cf. Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 7 (2016) (setting forth examples of cases in which the Board distinguished between nonfrivolous and pro forma allegations and finding that mere conclusory pleadings are insufficient), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017). The fact that the appellant failed to provide a thorough and clear explanation of his affirmative defense also supports a finding that he abandoned his claim.

*(2) The degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it*

¶20    As previously discussed, on his appeal form the appellant stated that he was raising "an affirmative defense of retaliation for [] prior protected activity," including "filing of a Board appeal concerning [the appellant's] emergency placement suspension." IAF, Tab 1 at 2. Following his initial filing, the appellant did not reference this purported affirmative defense at any point thereafter. The appellant's silence on this point spanned his additional filings below, IAF, Tabs 7, 9, and the entirety of the hearing, HCD. The failure to mention the affirmative defense after the initial appeal suggests that the appellant no longer wished to pursue the claim. This factor supports a finding that the appellant abandoned his affirmative defense.

*(3) Whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when he was specifically afforded an opportunity to object and the consequences of his failure were made clear*

¶21    As discussed above, following a February 15, 2017 prehearing conference, the administrative judge issued an order that identified witnesses, approved exhibits, and summarized all of the issues to be decided in the appellant's case. IAF, Tab 9. The summary stated that, during the conference, the appellant's representative "indicated that he was raising no affirmative defenses." *Id.* at 2. The order allowed the parties to object to the content of the summary within 7 days and stated that a failure to object to an issue would preclude later challenge of that issue, including on petition for review. *Id.* at 1. Neither party objected to the content of the order, nor have they challenged its accuracy since its issuance. Thus, despite being afforded the opportunity to do so, the appellant did not object to the administrative judge's prehearing conference summary stating that he was not raising an affirmative defense and that his failure to object to the content of the summary would preclude raising the issue at a later date.

Accordingly, this factor supports a finding that the appellant abandoned his affirmative defense.

> *(4) Whether the appellant raised either his affirmative defense or the administrative judge's processing of the affirmative defense claim in his petition for review*

¶22 The Board's regulations provide that "[t]he Board normally will consider only issues raised in a timely filed petition for review or cross petition for review." 5 C.F.R. § 1201.115.  This adjudicatory approach is consistent with the concept that the Board's administrative judges are in the best position to, among other things, develop the record and simplify the issues and that the Board's role is to address contentions of error.  *See* 5 C.F.R. §§ 1201.41(b), 1201.115.  The Board has consistently followed an approach of declining to address matters that were not raised on petition for review on matters other than affirmative defenses.  In *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 6 n.4 (2016), for example, the Board found that, because the appellant did not contest the administrative judge's finding that one of his disclosures was not protected and because neither party challenged the administrative judge's findings regarding which contested actions constituted personnel actions covered by the whistleblower protection statutes, the Board would not consider the issues.  Likewise, in *Ferrin-Rodgers v. U.S. Postal Service*, 115 M.S.P.R. 140, ¶ 4 n.3 (2010), the Board declined to address the administrative judge's findings of a lack of jurisdiction over several of the appellant's claims because the petition for review did not challenge the findings.  Finally, in *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶ 7 n.8 (2001), the Board did not address whether the administrative judge properly found that the agency failed to prove a specification

because the agency did not allege error regarding the specification on review. Board precedent since its creation is replete with similar examples.[8]

¶23        Seemingly, only in the realm of affirmative defenses has the Board strayed from the general practice of only addressing allegations of error raised on petition for review, and, while the affirmative defenses addressed in *Wynn* are important, we can discern no principled basis for the decision to treat these types of claims differently than other types of claims within the Board's jurisdiction.  In the instant case, then, the appellant's failure to address his affirmative defense of retaliation for filing a prior Board appeal or the administrative judge's handling of the affirmative defense claim in his petition for review supports a finding that the appellant intended to abandon the claim.

---

[8] Similarly, several U.S. Courts of Appeals generally deem issues not raised on appeal to be abandoned.  *See, e.g.*, *Butts v. Martin*, 877 F.3d 571, 584 n.6 (5th Cir. 2017) (noting the general rule that issues and arguments not briefed on appeal are abandoned); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("Issues not briefed on appeal . . . are deemed abandoned."); *New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011) (holding that a failure to set forth an issue on appeal and present arguments in support of that issue in an opening brief generally amounts to abandonment and waiver of that issue); *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010) ("This court has consistently held that a party waives an argument not raised in its opening brief."); *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (finding that arguments not raised by a party in its opening brief on appeal are deemed waived); *United States v. Quiroz*, 22 F.3d 489, 490 (2d Cir. 1994) (noting the well-established principle that an argument not raised on appeal is deemed abandoned); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir. 1991) (finding that issues raised in the district court but not raised on appeal are considered abandoned on appeal and not reviewable).  The Equal Employment Opportunity Commission likewise held that an appellant abandoned certain discrimination claims when she made "no mention of either of these bases in her statements in support of [her] appeal" of a final agency decision.  *Hipp v. Department of the Air Force*, EEOC Document No. 01862916, 1987 WL 769084 (Jan. 13, 1987).

*(5) Whether the appellant was represented during the course of his appeal before the administrative judge and on petition for review and, if he was not, the level of knowledge of Board proceedings possessed by the appellant*

¶24      In some circumstances, the Board will take an appellant's pro se status into consideration and be more lenient in the application of Board rules and procedures.  *See, e.g.*, *Ramos v. Office of Personnel Management*, 82 M.S.P.R. 65, ¶ 7 (1999) (taking into consideration an appellant's pro se status, among other factors, in determining that he did not intend to withdraw his appeal); *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995) (noting that the Board will consider, among other things, the appellant's pro se status in determining whether good cause exists to waive the time limit for filing a petition for review), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  Here, the appellant was represented by a union representative at all stages of the proceeding, from the time the initial appeal was filed through the hearing and on petition for review before the Board.  IAF, Tab 1 at 5-6; HCD; PFR File, Tab 1 at 9.  Thus, the practice of leniency toward pro se litigants in certain instances is not applicable here.  Accordingly, this factor supports a finding that the appellant intended to abandon his affirmative defense.

*(6) The likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board*

¶25      The Board has held that it will not give effect to the withdrawal of an appeal that was based on misleading or incorrect information provided by the agency or the Board.  *Rose v. U.S. Postal Service*, 106 M.S.P.R. 611, ¶ 7 (2007); *see Potter v. Department of Veterans Affairs*, 116 M.S.P.R. 256, ¶¶ 10, 15 (2011).  Similarly, the Board has, on occasion, granted leniency to appellants in circumstances in which they obviously were confused or mistaken about the Board's instructions.  *See Luna v. Department of the Air Force*, 86 M.S.P.R. 578, ¶ 9 (2000) (finding good cause for the appellant's untimely petition for appeal

based, in part, on his pro se status and his obvious confusion), *aff'd,* 15 F. App'x 876 (Fed. Cir. 2001); *Caldwell v. Department of the Treasury*, 85 M.S.P.R. 674, ¶¶ 8-9 (2000) (same).

¶26        If there is reason to believe that an appellant's withdrawal or apparent abandonment of a previously raised affirmative defense was the result of confusion, or misleading or incorrect information provided to the appellant or his representative by the agency or the Board, that would weigh in favor of a finding that the appellant did not intend to withdraw or abandon his claim. This may be especially true if the appellant is proceeding pro se, and if there is evidence in the record clearly demonstrating that he either does not understand the nature of the affirmative defense or does not understand the consequences of its withdrawal.

¶27        In the instant case, there is no evidence that the appellant's representative was confused or was misled by the agency or the administrative judge concerning the affirmative defense of retaliation for the appellant's prior Board appeal. As previously noted, the appellant's only reference to the claim was in his initial appeal. Moreover, the only additional information provided by the agency concerning the affirmative defense was factual in nature, and the agency did not provide inaccurate or misleading information about the appellant's burden in proving the affirmative defense. IAF, Tab 4 at 8-9. For the above reasons, this factor, which considers whether the waiver or abandonment was the product of confusion, mistake, or misleading information provided by the agency or administrative judge, also favors a finding that the appellant intended to abandon his affirmative defense in this case.

¶28        In sum, applying the nonexhaustive list of factors set forth in this decision for determining whether an appellant abandoned his affirmative defense, we find that the appellant in this case abandoned his affirmative defense and that there is no basis for the Board to address the affirmative defense waiver issue on review. Accordingly, we conclude that there is no basis to remand the appeal for additional proceedings regarding the appellant's affirmative defense.

ORDER

¶29    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:


/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.