# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW D. FARIS,<br>                Appellant, | DOCKET NUMBER<br>CH-0353-20-0494-I-1 |
|        v. | |
| UNITED STATES POSTAL SERVICE,<br>              Agency. | DATE: April 30, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew D. Faris, Indianapolis, Indiana, pro se.

Alison D. Alvarez, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal for lack of jurisdiction. On petition for review, the appellant makes the following arguments: the administrative judge was not impartial and was biased against him; the agency discriminated against him on the basis of his race in connection with his alleged constructive suspension; the agency retaliated against him due to his union activity; and the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

administrative judge made erroneous factual determinations and credibility findings. The appellant also provides additional evidence in the form of employee assignment work sheets that he alleges reflect safety violations by the agency. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

Regarding the appellant's specific challenges to the administrative judge's factual findings and credibility determinations, the appellant restates his claims that he provided a copy of his light duty request form to his supervisors by U.S. postal mail, and that one of his supervisors verbally informed him that he was removed as of January 3, 2020, both of which the administrative judge considered and rejected below. Petition for Review (PFR) File, Tab 1 at 4-5; *see* Initial Appeal File (IAF), Tab 44, Initial Decision (ID) at 9-11. The administrative judge based her decision to credit the supervisors' testimony that they did not receive a copy of the light duty request form over the appellant's claim that he sent it by postal mail, and one supervisor's testimony denying that she ever informed the appellant that he was removed as of January 3, 2020, on her demeanor-based credibility determination of each witness's testimony. *See* ID at 8-11 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)). The appellant's arguments on review are not sufficient to disturb the

administrative judge's finding. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (observing that the Board generally must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing); *Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 13 (2015) (noting that an administrative judge's credibility determinations are "virtually unreviewable"), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

With respect to the appellant's allegation that the administrative judge was not impartial and was biased against him, it is well established that conclusory claims of bias which do not involve extrajudicial conduct do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Simpkins v. Office of Personnel Management*, 113 M.S.P.R. 411, ¶ 5 (2010). An administrative judge's conduct during the course of a Board proceeding will warrant a new adjudication only if her comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002). The appellant's conclusory assertion of bias and allegation that administrative judges "always side[] with" the government, unsupported by any objective evidence, does not meet this standard. PFR File, Tab 1 at 4.

Regarding the appellant's argument that the agency discriminated against him and treated him differently on the basis of his race, in the prehearing conference summary, the administrative judge identified the relevant issues to be decided in the appeal, including the appellant's affirmative defenses, and specifically noted that during the prehearing conference the appellant confirmed that he was not asserting race discrimination or age discrimination as an

affirmative defense. IAF, Tab 41 at 6 n.3. The administrative judge provided the appellant with the opportunity to object to the summary in writing, which the appellant failed to do, and he did not raise a race discrimination claim at any point thereafter until his petition for review filing. *Id.* at 13. Accordingly, to whatever extent the appellant is now attempting to raise a race discrimination claim, he effectively waived his right to raise such a claim. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth a nonexhaustive list of relevant factors to be considered in determining whether an appellant has waived or abandoned an affirmative defense, such as whether he failed to object to a summary of issues that did not include it). Similarly, regarding the appellant's claim that agency officials retaliated against him due to his union activity, the appellant did not raise this argument below, so we need not consider it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (noting that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (same); 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[2] 5 C.F.R. § 1201.113(b).

---

[2] Regarding the employee assignment worksheets the appellant provides for the first time with his petition for review, the appellant has not shown that any of this information is both new and material. PFR File, Tab 1 at 5, 7-10; *see Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). All of the records are dated to the period from December 13 through December 21, 2018, which is well before the February 23, 2021 initial decision was issued in this case, and the appellant has not explained why they were not provided before the record closed. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (explaining that, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Further, the appellant has not explained how these documents, which appear to identify a number of job duties the appellant completed on the identified workdays, are relevant to the dispositive jurisdictional matter at issue in this appeal, which is whether he was constructively suspended during

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

the period from January 3, 2020 through February 14, 2020.  Accordingly, we have not considered them.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.