## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES H. BOLGER,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
PH-0714-18-0342-I-1

DATE: December 18, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Shaun C. Southworth, Atlanta, Georgia, for the appellant.

Shelly S. Glenn, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed his removal under the provisions of 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The agency employed the appellant as a GS-07 Supervisory Police Officer. Initial Appeal File (IAF), Tab 4 at 16.  On May 21, 2018, the agency removed him under the provisions of 38 U.S.C. § 714, based on a charge of conduct unbecoming a Federal employee.  *Id.* at 16-28.  In support of its charge, the agency alleged that on March 1, 2018, the appellant instructed a subordinate Police Office to assist him in dragging an incapacitated visitor and, with the assistance of this subordinate, took hold of and dragged the visitor by his arms and shoulders approximately 20 to 25 feet away from the entrance to the Baltimore Veterans Administration (VA) emergency room (ER).  *Id.* at 27.

¶3    The appellant filed a Board appeal, challenging the merits of his removal and asserting that his removal was the product of race discrimination.  IAF, Tab 1, Tab 13 at 4.  After a hearing, the administrative judge issued an initial decision affirming the removal.  IAF, Tab 19, Initial Decision (ID).  He found that the agency proved its charge by substantial evidence.  ID at 3-5.  He concluded that, because the agency took its action under 38 U.S.C. § 714, he must sustain the penalty of removal.  ID at 5.  The administrative judge did not address the appellant's discrimination claim.

¶4    The appellant has filed a petition for review, challenging the constitutionality of 38 U.S.C. § 714 and arguing that the actions underlying the charge did not constitute misconduct.  Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The administrative judge properly determined that the agency proved its charge by substantial evidence.</u>

¶5    Regarding the merits of the charge, although the appellant does not dispute that he committed the conduct described, he argues that it was not conduct

unbecoming under the circumstances. PFR File, Tab 1 at 6-7. We are not persuaded.

¶6 A charge of conduct unbecoming has no specific elements of proof; it is established by proving that the employee committed the acts alleged in support of the broad label. *Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010). Conduct is unbecoming if it is improper, unsuitable, or detracting from one's character or reputation. *Social Security Administration v. Levinson*, 2023 MSPB 20, ¶ 20. Under 38 U.S.C. § 714, the Board reviews an agency's charge under a substantial evidence standard. 38 U.S.C. § 714(d)(2)(A), (3)(B); *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1297-98 (Fed. Cir. 2021).

¶7 Briefly and by way of background, a man appeared at the VA Baltimore ER seeking treatment for a head injury and ER staff denied him care once his non-veteran status was established. IAF, Tab 12, Hearing Recording at 2:03:10, 2:08:40 (testimony of the appellant). Subsequently, at around 1:45 a.m., the appellant was called to the ER entrance to assist a subordinate officer who had found this same man, intoxicated, lying unresponsive on the ground. *Id.* at 2:02:30, 2:08:30 (testimony of the appellant). After unsuccessfully attempting to rouse the man, the appellant, assisted by the subordinate officer, took him under his arms and dragged him away from the hospital entrance. *Id.* at 2:06:30 (testimony of the appellant). The appellant then called dispatch to get an emergency vehicle from the University of Maryland Medical Center to transport the man there for treatment. *Id.* at 2:09:05 (testimony of the appellant).

¶8 The administrative judge found that the appellant's conduct was unbecoming in several respects. He reasoned that the appellant's behavior was contrary to the VA Police Officer Standards of Conduct, which require officers to "render courteous assistance to patients, visitors and employees at all times." ID at 4; IAF, Tab 5 at 5. Second, he found that the appellant's actions violated agency Standard Operating Procedures, which provided that, if an officer

encountered an individual who was incapacitated due to drugs or alcohol, the individual "should be transported to Emergency Room/Urgent Care for evaluation." ID at 4-5; IAF, Tab 5 at 13-14. For the same reasons, the administrative judge found that the appellant's instructions to his subordinate officer to drag the incapacitated man away from the emergency room were improper. ID at 5.

¶9        On petition for review, the appellant argues that no reasonable person could interpret his actions as discourteous. PFR File, Tab 1 at 6. We disagree. The appellant's act of dragging an incapacitated individual by his arms and shoulders could be reasonably viewed as not only discourteous, but as callous and degrading. Further, discourteous does not even begin to describe the dangerous act of removing such an individual from the nearest medical care. The appellant also argues that the administrative judge failed to cite any evidence to support his finding that the individual in question was incapacitated. PFR File, Tab 1 at 6. We discern no error in the administrative judge's logical conclusion that the individual's lying on the ground unresponsive and having to be physically moved by the officers was evidence of his incapacity. ID at 4-5.

¶10       The appellant further argues that he was not in violation of the VA Standard Operating Procedures because those procedures do not specify to *which* ER an incapacitated individual must be transported. PFR File, Tab 1 at 8; IAF, Tab 5 at 14. Although the appellant's interpretation might arguably be supported by a rigid reading of the provision, the Standard Operating Procedures pertain to the conduct of operations at VA hospitals. Therefore, we find that the better interpretation is that it calls for transportation to the VA ER. In any event, the agency did not reference the Standard Operating Procedures in its proposed removal. IAF, Tab 4 at 18-20, 27-28. A conduct unbecoming charge does not require proof of specific intent. *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶¶ 9-10 (2001). Therefore, even if the appellant did not technically violate these procedures, we would still find the agency proved its charge because the

appellant's actions were unsuitable and detracted from his character and reputation. *See Levinson*, 2023 MSPB 20, ¶ 20.

¶11    Finally, the appellant argues that it would have been unreasonable to expect him to take this individual back inside the hospital where he had just been denied treatment. PFR File, Tab 1 at 6-7. He asserts that the individual's alleged incapacity is a red herring that changed nothing because "the VA was still refusing treatment." PFR File, Tab 1 at 7. Once again, we disagree. This individual's sudden incapacity changed the circumstances; when he first sought and was denied emergency room treatment, he was ambulatory and acting on his own accord, but when the appellant came across him later, he was helpless and in urgent need of medical attention. Given this material change in condition, there is no reason to think that the VA hospital would have continued to refuse him treatment. In fact, according to agency policy, the hospital would at least have given him a medical evaluation notwithstanding his non-veteran status. IAF, Tab 5 at 14.

¶12    We are mindful that a law enforcement officer's duties involve making quick decisions under difficult circumstances, and that it is easier to judge those decisions in hindsight than it is to make them in real time. However, for the reasons stated above, we agree with the administrative judge that the agency proved that the judgments and actions at issue in this case constituted conduct unbecoming. ID at 3-5. This is particularly so in light of the Board's substantial evidence standard of review for this 38 U.S.C. § 714 removal. *See* 38 U.S.C. § 714(d)(2)(A), (3)(B). Substantial evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p). It is a lower standard of proof than preponderant evidence. 5 C.F.R. § 1201.4(p).

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

¶13    The agency's deciding official sustained the appellant's removal based on her conclusion that substantial evidence supported the charge of conduct unbecoming. IAF, Tab 4 at 18. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez*, 8 F.4th at 1296-1301, in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency. *Id.* at 1298-1300. Instead, the agency's deciding official must use a preponderance of the evidence burden of proof to "determine[]" whether "the performance or misconduct . . . warrants" the action at issue.[2] *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)). The holding in *Rodriguez* applies to all cases pending with the Board, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22.

¶14    Here, in the decision letter, the deciding official concluded that the charge and associated specifications "were supported by substantial evidence." IAF, Tab 4 at 18. Although both parties requested the deciding official as a witness, the administrative judge denied these requests on the basis that "her expected testimony was not relevant to any of the issues in this 0714 appeal." IAF, Tab 11 at 6, Tab 13 at 4-5, Tab 17 at 2. The deciding official did not testify at the hearing and so there was no additional testimony addressing the burden of proof the agency applied in sustaining the appellant's removal or suggesting that the charges were sustained based on more than substantial evidence.

---

[2] Preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q).

¶15    The administrative judge and the parties did not have the benefit of *Rodriguez*, and therefore were unable to address its impact on the appeal. We therefore must remand this case for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 23; 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving his affirmative defenses by preponderant evidence. *Semenov*, 2023 MSPB 16, ¶ 23; 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge shall provide the parties with an opportunity to present evidence and argument, including holding a supplemental hearing, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *Semenov*, 2023 MSPB 16, ¶ 24. The administrative judge should approve the deciding official to testify on this issue if requested by either party. 5 C.F.R. § 1201.41(b)(8), (10) (recognizing the authority of administrative judges to rule on, and order the appearance of, witnesses). The administrative judge should then address this affirmative defense in his remand initial decision.

On remand, the administrative judge should adjudicate the appellant's affirmative defense of race discrimination.

¶16    We note that the appellant raised a race discrimination claim in his initial filing. IAF, Tab 1 at 15. The appellant did not mention this claim in his prehearing submission, did not object to its absence from the prehearing conference summary, and did not raise it on petition for review. IAF, Tab 13 at 4. The Board has recently affirmed the general proposition that, when an appellant raises an affirmative defense, the administrative judge must address the affirmative defense in a close of record order or prehearing conference summary. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 10, 17 n.7. Here, the

administrative judge did not do so.  On remand, the administrative judge should provide the appellant with notice of his burden to prove this affirmative defense and an opportunity to meet that burden, including at a supplemental hearing, if requested by the appellant.

On remand, the administrative judge should apply the *Douglas* factors and review the agency's penalty selection.[3]

¶17    The administrative judge found that because the agency proved the charge by substantial evidence, the removal penalty must be affirmed.  ID at 5.  In the removal decision letter, the deciding official did not reference the Board's decision in *Douglas*, or otherwise indicate that she considered the factors set forth in *Douglas* in reaching her decision.  IAF, Tab 4 at 18-20.  Again, the deciding official did not testify during the hearing.  So, it is not clear from the record whether she considered any of the *Douglas* factors in connection with her decision to remove the appellant.

¶18    After the initial decision was issued in this case, the Federal Circuit issued its decision in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021).  In *Connor*, the Federal Circuit determined that the agency and the Board must consider and apply the *Douglas* factors in selecting and reviewing the penalty under 38 U.S.C. § 714.  *Connor*, 8. F4th at 1325-26; *see Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714).

¶19    The administrative judge and the parties did not have the benefit of *Connor*, and thus were unable to address its impact on this appeal.  Therefore, remand is also required regarding this issue.  *Connor*, 8 F.4th at 1326-27.  On remand, the administrative judge should permit the parties to submit additional evidence and

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board provided a nonexhaustive list of factors relevant to penalty determinations.

argument on the penalty issue, to include holding a supplemental hearing on the penalty issue at which the deciding official is permitted to testify, if requested. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the relevant *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, remand the appellant's removal to the agency for a new removal decision.[4] *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)). If the appellant does not prevail on his affirmative defense on remand, and the administrative judge affirms the agency's choice of penalty, the administrative judge may adopt his prior findings concerning the agency's charges in his remand initial decision.

---

[4] On petition for review, the appellant challenges the constitutionality of 5 U.S.C. § 714, arguing that it violates his right to due process because the Board's substantial evidence standard of review is too low, the standard is unworkable as a practical matter, and the statute does not authorize the Board to mitigate the penalty. PFR File, Tab 1 at 5-6. The Federal Circuit has held that section 714 "requires the Board to review for substantial evidence the entirety of the VA's removal decision—including the penalty— rather than merely confirming that the record contains substantial evidence that the alleged conduct leading to the adverse action actually occurred." *See Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (2020). The Board's adversarial hearing process and review of the penalty in a section 714 action for substantial evidence satisfies the requirements of due process. *Rodriguez*, 8 F.4th at 1305-06. Therefore, we are unpersuaded by the appellant's due process arguments.

**ORDER**

¶20      For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _Jennifer Everling_

                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.