**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DAVID S. JONES,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
DA-0752-22-0236-I-1

DATE: May 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>David S. Jones</u>, El Paso, Texas, pro se.

<u>Bobbi K. Mihal</u>, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal and denied his affirmative defense of reprisal for equal employment opportunity (EEO) activity. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Denver Field Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as a Mail Handler Tech at the agency's Processing and Distribution Center in El Paso, Texas. Initial Appeal File (IAF), Tab 6 at 26. The agency removed him, effective March 28, 2022, based on charges of failure to maintain regular attendance (one specification), failure to follow leave requesting procedures (two specifications), and absence without leave (AWOL) (two specifications). *Id.* at 13-17. The agency alleged that the appellant was both AWOL and failed to maintain regular attendance when he did not report to work or left early on 10 occasions between December 1 and December 24, 2021. *Id.* at 13-14. The total resulting AWOL was 31.76 hours. *Id.* at 14. The agency further alleged that the appellant failed to request leave, have his absence approved in advance, and complete a Postal Service Form 3971, Request for Notification of Absence (PS Form 3971), for "one or more" of these dates. *Id.* at 13-14, 57-58, 61-62, 65, 68-69, 71, 73, 75.

The appellant appealed his removal, raising an affirmative defense of reprisal for prior EEO activity. IAF, Tab 1 at 5. The administrative judge issued an affirmative defense order, notifying the appellant of his burden of proof to establish an affirmative defense of discrimination under Title VII; however, the order did not notify him of his burden to establish disability discrimination. IAF, Tab 8. The appellant did not respond.

Because the appellant did not request a hearing, the administrative judge issued an initial decision based on the written record affirming the removal. IAF, Tab 21, Initial Decision (ID) at 1, 13. He sustained all the charges, finding the agency proved all the specifications. ID at 6-14. The administrative judge also found the appellant failed to prove his affirmative defense of reprisal based on EEO activity. ID at 3-5. He determined the agency established nexus between the appellant's misconduct and the efficiency of the service. ID at 5. Lastly, he determined that the deciding official properly considered the relevant mitigating

and aggravating factors and that the penalty of removal was within the tolerable limits of reasonableness.[2] ID at 9-12.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. In his petition for review, the appellant appears to allege that his removal was improper because he requested leave under the Family Medical Leave Act of 1993 (FMLA) and because the agency improperly denied his requests for reasonable accommodation. *Id.* at 4-5. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

We remand the appeal to afford the appellant an opportunity to address his affirmative defense of disability discrimination.

On review, the appellant alleges that his attendance issues that served as the basis for his removal were caused by his "serious condition/disabilities," which the agency improperly failed to accommodate, and that the agency failed to engage in the interactive process. PFR File, Tab 1 at 4-5. The administrative judge did not address this claim in his initial decision. The agency argues that the appellant did not raise this affirmative defense below, and thus essentially waived it. PFR File, Tab 3 at 6. Based on the circumstances in this case, we disagree that the appellant failed to raise or abandoned this defense and remand the appeal to afford the appellant an opportunity to address his affirmative defense of disability discrimination.

---

[2] The administrative judge observed that the charges of failure to follow leave requesting procedures and AWOL merged, but found the merger did not alter his penalty analysis. ID at 10-11. The parties do not challenge this reasoning on review, and we discern no basis to disturb it. *See Shiflett v. Department of Justice*, 98 M.S.P.R. 289, ¶ 12 (2005) (explaining that merging charges does not mean that the duplicative charge is not sustained or that the appellant's misconduct somehow becomes less serious by virtue of the merger); *Jones v. Department of Justice*, 98 M.S.P.R. 86, ¶ 16 (2004) (finding that an AWOL charge merged with a charge of failure to follow instructions to provide evidence of medical incapacity when they were based on the same period and the appellant's failure to provide the required evidence caused him to be AWOL).

*The appellant raised a disability discrimination claim, entitling him to notice of his burden to prove this claim.*

When an appellant raises an affirmative defense, the administrative judge must address the affirmative defense in a close of record order or prehearing conference summary. *Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 10, 17 n.7. The appellant must be provided with notice of his burden to prove his claims. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 17 (2015).

Although in the appellant's initial appeal he only raised an affirmative defense of reprisal for EEO activity, he subsequently submitted two documents in which he alleged that his management chain was discriminating against him based on his medical condition. IAF, Tab 1 at 5, Tab 5 at 1-3. Specifically, the appellant submitted a copy of a November 9, 2018 statement that he indicated he submitted to the "union and EEO," seeking protection under the "Americans with Disabilities Act" in connection with his supervisor's behavior. IAF, Tab 5 at 1. He also submitted a copy of a March 22, 2018 statement that he identified as a union complaint in which he alleged he was treated unfairly because he is a "disabled veteran," in violation of the "Rehabilitation Act of 1973." *Id.* at 2-3. He later filed a pleading titled "EEO Submissions" that included copies of these documents. IAF, Tab 18 at 3-4, 12.

The appellant did not provide any additional information about his medical condition or offer any explanation of how the agency's later removal decision was due to the agency's failure to accommodate his medical condition. However, in response to the affirmative defense order, the agency submitted information demonstrating that the appellant contacted an EEO counselor in December 2021 claiming that his supervisor was discriminating against him based on his mental and physical disabilities and retaliating against him for filing prior EEO complaints when he denied the appellant's requests for leave without pay and charged him AWOL. IAF, Tab 10 at 32-34. We find that the above information is sufficient to show that the appellant raised and attempted to pursue an

affirmative defense of disability discrimination. *See Turner v. Department of Veterans Affairs*, 94 M.S.P.R. 381, ¶¶ 3, 7 (2003) (agreeing with an administrative judge's determination that a pro se appellant raised an affirmative defense of disability discrimination when he challenged his removal and alleged that he had medical conditions, was seeking treatment, and that the agency did not offer to help him); *Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (recognizing that pro se pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table).

Here, at no point during the proceeding below or in his initial decision did the administrative judge notify the appellant of his burden of proof to establish an affirmative defense of disability discrimination, including a failure to provide a reasonable accommodation. IAF, Tabs 2, 8, 11, 17, 21. Moreover, the agency did not provide these notices to the appellant in its response to the affirmative defense order.[3] IAF, Tab 10 at 45; *see Parker v. Department of Housing and Urban Development*, 106 M.S.P.R. 329, ¶¶ 7-8 (2007) (stating that an administrative judge's failure to provide an appellant with specific notice of his jurisdictional burden can be cured if the agency's pleadings or the initial decision contain the required notice).

> *The appellant did not waive or abandon his disability discrimination claim.*

The agency argues that the appellant waived an affirmative defense of disability discrimination because at no point during his oral reply to his proposed removal or during the proceedings below did the appellant allege that his December 2021 absences and attendance deficiencies were due to his medical condition or the agency's failure to accommodate such a condition. PFR File,

---

[3] The agency file contains the final agency decision (FAD) concerning the appellant's prior July 2021 EEO complaint. IAF, Tab 10 at 36-67. The FAD informed the appellant of how to establish a prima facie case of disability discrimination, but it did not advise the appellant of his burden of proof to establish a disability discrimination affirmative defense based on the agency's failure to provide a reasonable accommodation. *Id.* at 55-56.

Tab 3 at 6. Rather, according to the agency, in his oral reply the appellant alleged that the reasons for his attendance issues were that he was not told ahead of time that he needed to work, he left work early of his own accord without being given permission when he saw employees from another shift arriving, and he had childcare issues. *Id.* Although we agree that the appellant did not expressly state that his attendance issues on the dates underlying the removal were attributable to his medical conditions and the agency's failure to accommodate them, we do not find that the appellant waived an affirmative defense of disability discrimination.

In determining whether an appellant has waived or abandoned a previously raised affirmative defense, the Board will consider the following nonexhaustive factors: (1) the thoroughness and clarity with which the appellant raised an affirmative defense; (2) the degree to which the appellant continued to pursue the affirmative defense in the proceedings below after initially raising it; (3) whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when specifically afforded an opportunity to object and the consequences of the failure were made clear; (4) whether the appellant raised the affirmative defense or the administrative judge's processing of the affirmative defense claim in the petition for review; (5) whether the appellant was represented during the course of the appeal before the administrative judge and on petition for review, and if not, the level of knowledge of Board proceedings possessed by the appellant; and (6) the likelihood that the presumptive abandonment of the affirmative defense was the product of confusion, or misleading or incorrect information provided by the agency or the Board. *Thurman*, 2022 MSPB 21, ¶ 18.

As established above, we find that there is sufficient information in the record to show that the appellant clearly raised and attempted to pursue an affirmative defense of disability discrimination. Moreover, although it does not appear that the appellant provided a written response to the affirmative defense

order or an objection to the close of record conference order, we find those considerations outweighed by the fact that the administrative judge failed to provide this pro se appellant notice of his burden to establish a disability discrimination affirmative defense and failed to address the defense in the close of record order.[4]   Thus, we find that a remand is necessary to provide the appellant notice of his burden and an opportunity to address his affirmative defense of disability discrimination.[5]   *Id.*, ¶ 17 n.7 (2018).

---

[4] In the agency's response to the affirmative defense order, it references the appellant's "response to the Affirmative Defense Order dated May 26, 2022." IAF, Tab 10 at 7. At the close of record conference, which the appellant did not attend, the administrative judge sought clarification from the agency concerning this May 26th submission because the appellant had failed to submit it to the Board. IAF, Tab 11 at 1-2. The agency clarified that the appellant had submitted an undated 6-page pleading, which the agency received on May 26, 2022. *Id.* In the order summarizing the conference, the administrative judge clearly notified the appellant that the Board had not received this pleading, yet the appellant did not respond or file it with the Board. *Id.* at 2. We discern no abuse of discretion by the administrative judge in his handling of this matter. *See Dieter v. Department of Veterans Affairs*, 2022 MSPB 32 ¶ 23 (recognizing an administrative judge's wide discretion to control the proceedings).

[5] The appellant may have been trying to raise a claim of discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) when he twice submitted documentation below alleging that he was treated unfairly because he is a "disabled veteran," in violation of the "Rehabilitation Act of 1973 or the Vietnam Era Veterans Readjustment Assistance Act of 1974." IAF, Tab 5 at 2-3, Tab 18 at 3-4. The appellant does not re-allege those claims on review, nor does he otherwise allege that he was discriminated against based on his status as a veteran. On remand, the administrative judge should clarify the appellant's claim. To the extent the appellant is claiming his removal is based on his military service and veteran status, and not just based on his service-related disability, the administrative judge also shall notify the appellant of his burden to establish an affirmative defense of discrimination under USERRA. *See Durr v. Merit Systems Protection Board*, 844 F. App'x 329, 332 (Fed. Cir. 2021) (finding Board jurisdiction when the appellant alleged he was denied medical leave "for reason of [his] status of being a 10-point, military service-connected disabled veteran," and that "if another employee had made a request for leave for medical reasons, that such would have been granted"); *Covington v. Department of the Interior*, 2023 MSPB 5, ¶ 19 n.5 (stating that the Board may rely on nonprecedential decisions of the U.S. Court of Appeals for the Federal Circuit when it finds their reasoning persuasive); *Slentz v. U.S. Postal Service*, 92 M.S.P.R. 144, ¶ 9 (2002) (determining that the Board had USERRA jurisdiction over an appellant's claim of discrimination based on his status as a disabled veteran); *McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414-15 (1998) (explaining that USERRA does not prohibit discrimination based solely on a disability incurred during military service).

## On remand the agency must establish that it complied with FMLA as part of its overall burden of proving the AWOL charge.

On review, the appellant states that he was "informed to get an [FMLA]." PFR File, Tab 1 at 4. In the record below, the appellant submitted an incomplete copy of FMLA Designation Notice form (Case No. 109001409735), showing that on October 25, 2021, just prior to the December 2021 AWOL underlying his removal, he had been approved to take FMLA-protected leave for his own serious health condition. IAF, Tab 18 at 5. When FMLA is implicated relative to a leave-related charge, the agency must prove that it complied with FMLA as part of its overall burden of proving the charge. *Ellshoff v. Department of the Interior*, 76 M.S.P.R. 54, 73-74 (1997). However, the administrative judge did not identify the agency's burden at any point throughout the appeal, nor did he make a finding as to whether the agency complied with FMLA in sustaining the AWOL charge.

The record contains very limited information concerning the FMLA issue. Despite the agency's October 25, 2021 approval of the appellant's FMLA case, the agency asserted without explanation that the appellant's December 2021 absences underlying his removal were not covered by FMLA. IAF, Tab 6 at 5. In support of this assertion, it submitted copies of the appellant's PS Forms 3971 for the absences underlying the removal, which show that the appellant's absences were unscheduled and not covered by FMLA. *Id.* at 57-58, 61-62, 65, 68-69, 71, 73, 75. However, these forms were completed by the agency, and the appellant refused to sign them. *Id.* The agency also submitted a record of the appellant's leave summary showing that despite having been approved for FMLA leave in October 25, 2021, none of the appellant's absences through the remainder of 2021 were designated as FMLA-protected. *Id.* at 51. The records also show that as of December 24, 2021, the appellant had a leave balance of 354.69 hours of annual leave and 84.71 hours of sick leave. *Id.* at 72, 76.

During a December 30, 2021 pre-disciplinary interview, the agency acknowledged that the appellant had an approved FMLA Case No. 109001409735 for "scheduled appointments," as well as another FMLA Case No. 109001449006 that was "pending for approval." IAF, Tab 7 at 9. The agency's questions during that interview appear to suggest that on certain dates that were not part of the removal action, e.g., December 11 and 12, 2021, the appellant attempted to invoke FMLA. *Id.* As a U.S. Postal Service employee, the appellant is entitled to FMLA-protected leave under the provisions of 29 U.S.C. § 2601 and 29 C.F.R. part 825. *Young v. U.S. Postal Service*, 79 M.S.P.R. 25, 35 n.4 (1998). However, here it is unclear whether the appellant attempted to use FMLA leave for his AWOL absences underlying the removal, whether his FMLA Case No. 109001449006 was ever approved to cover those absences, or whether the agency was otherwise required to designate those absences as FMLA-protected in light of his approved FMLA Case No. 109001409735. *See* 29 C.F.R. § 825.301(a) ("In any circumstance where the employer does not have sufficient information about the reason for an employee's use of leave, the employer should inquire further of the employee . . . to ascertain whether leave is potentially FMLA-qualifying."); *see also* 29 C.F.R. § 825.301(d) (stating that an employer "may retroactively designate leave" as FMLA protected). Because there is insufficient information in the record to determine whether the agency complied with FMLA as part of its overall burden to prove all the charges, we find that remand is also necessary to further develop the record on this issue.

## ORDER

For the reasons discussed above, we remand this case to the Denver Field Office for further adjudication in accordance with this Remand Order.

On remand, the administrative judge shall provide the appellant with notice and information on how he can prove a claim of status-based disability discrimination and a claim of denial of a reasonable accommodation. He shall

also provide the agency with notice and information regarding its burden to prove that it complied with FMLA as part of its overall burden of proving all the leave-related charges. Additionally, the administrative judge shall allow the parties to submit additional argument and evidence on these issues.

After fully adjudicating the appellant's claim of disability discrimination and developing the record on whether the agency complied with FMLA, the administrative judge shall then issue a remand initial decision making findings on these claims. In that remand initial decision, the administrative judge may incorporate his findings regarding the merits of the appellant's other affirmative defense of reprisal for EEO activity, which the parties do not dispute on review and with which we discern no error. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

FOR THE BOARD:      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.