# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CATHERINE A. AVILA,
   Appellant,

  v.

DEPARTMENT OF AGRICULTURE,
   Agency.

DOCKET NUMBER
SF-0752-17-0488-I-1

DATE: May 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Brook L. Beesley</u>, Alameda, California, for the appellant.

<u>Marcus Alonzo Mitchell</u>, Albuquerque, New Mexico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed her removal. On petition for review, she argues that the administrative judge abused his discretion in denying her motions to compel discovery and postpone the hearing, contends that he erred in finding that the agency proved that she engaged in conduct unbecoming a Federal employee, and reasserts two affirmative defenses not addressed in the initial decision. Petition for Review

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(PFR) File, Tab 3 at 1-7. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to correct a factual error in the administrative judge's consideration of the appellant's sex discrimination affirmative defense and address the appellant's claim that the agency violated the Consolidated Appropriations Act of 2016 (CAA)[2] in removing her, we AFFIRM the initial decision.

The appellant argues that she was denied the opportunity to submit evidence and testimony contesting two prior disciplinary actions, which are not the subject of this appeal, but would allow her to establish her sex discrimination affirmative defense. PFR File, Tab 3 at 2, 6-7. An administrative judge has wide discretion to control the proceedings, including the authority to exclude evidence and witnesses that he believes would be irrelevant, immaterial, or unduly repetitious. *Parker v. Department of Veterans Affairs*, 122 M.S.P.R. 353, ¶ 21 (2015); 5 C.F.R. § 1201.41(b)(8), (10). Here, the Board may conduct only a limited review of the appellant's prior discipline because those actions were in writing, the appellant had an opportunity to challenge them, and they are a matter

---

[2] The appellant cites to several versions of the CAA. PFR File, Tab 3 at 6. The CAA cited here is relevant to Government expenditures during the time periods relevant to this appeal. Pub. L. No. 114-113, § 542, 129 Stat. 2242, 2242, 2332-33 (2015).

of record.  Initial Appeal File (IAF), Tab 31, Initial Decision (ID) at 16-17; *see Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 338-40 (1981) (setting forth the three-part criteria for conducting a limited review of a prior disciplinary action that the agency relied upon in taking the disciplinary action at issue).  This review is limited to the record on the prior discipline, and no new evidence or argument, other than the appellant's reasons for the challenge, is admissible. *Bolling*, 9 M.S.P.R. at 340.  Given the limited nature of the Board's review of her prior disciplinary actions, the administrative judge appropriately denied the appellant's request to present a witness and letter, which she believes would support her assertion that the prior discipline was unwarranted and discriminatory.  PFR File, Tab 3 at 2, 6-7; ID at 16-17.  Accordingly, the appellant has not shown that the administrative judge abused his discretion in denying that evidence.

The administrative judge denied the appellant's equal employment opportunity affirmative defenses, including her claim of sex discrimination.  ID at 14-21.  Neither party has raised any additional challenges to those findings on review.  Nonetheless, we take this opportunity to correct the administrative judge's factual findings concerning the appellant's sex discrimination affirmative defense, still affirming his determination that the agency did not engage in such discrimination.

To prove her discrimination or retaliation claims under Title VII and the Age Discrimination in Employment Act, an appellant must show that the prohibited consideration was a motivating factor in how the agency made its decision.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 30 (addressing this standard in the context of claims of age and sex discrimination and of retaliation for opposing Title VII discrimination); *see Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008) (finding that 29 U.S.C. § 633a prohibits not just age-based discrimination, but retaliation for complaints of age-based discrimination as well).  One way an appellant may establish a

discrimination or retaliation claim is through comparator evidence, or evidence relating to the treatment of similarly situated employees. *Pridgen*, 2022 MSPB 31, ¶ 27. To be similarly situated, comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id.*

In finding that the appellant did not prove her sex discrimination affirmative defense, the administrative judge determined that, unlike the appellant, none of the three males she alleged were similarly situated were charged with offenses related to the cultivation and distribution of marijuana. ID at 16-17. This finding is incorrect, in part. The deciding official, who was involved in all four of the disciplinary actions, testified that two of the three male employees were charged with conduct unbecoming related to cultivating marijuana at their homes. Hearing Transcript (HT) at 126-28, 133-34, 157 (testimony of the deciding official); IAF, Tab 4 at 27-28. Even so, the circumstances of the appellant's situation were materially different. The record reflects that none of the identified male employees were charged with selling or being associated with the sale of marijuana from their homes or had any prior discipline, whereas the appellant was charged with having marijuana cultivated at, processed at, and distributed from her home and had two prior instances of discipline. IAF, Tab 4 at 21, 26-27, 51; HT at 126-28, 133-34, 157 (testimony of the deciding official). The administrative judge credited the deciding official's testimony that she decided not to offer the appellant a last chance settlement agreement in lieu of removal, as she had offered the identified male employees, because of the appellant's prior discipline. ID at 17. After reviewing the record, we agree with the administrative judge that the appellant did not prove that her sex was a motivating factor in the agency's decision to remove her. ID at 16-17. We therefore find that the administrative judge's factual error was harmless. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that

an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

As argued below, the appellant reasserts her claim that the agency violated section 542 of the CAA by expending resources that interfered with her husband's possession and use of medicinal-marijuana, which was legal under California state law.[3]  PFR File, Tab 3 at 3-5; IAF, Tab 18 at 3, 5-6.  Essentially, the appellant alleged that the agency's action was not in accordance with the law, thus requiring reversal.  *See* 5 U.S.C. § 7701(c)(2)(C).  The appellant bears the burden of proving her affirmative defenses by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(C).  Under section 542, the Department of Justice was prohibited from using funds during the Fiscal Year ending September 30, 2016, and appropriated under the CAA that interfered with California's, and other identified states', implementation of medicinal marijuana laws.  There is no indication from the plain language of the identified statutory provision that the agency, which is separate from the Department of Justice, was prohibited from conducting an independent investigation into the marijuana growing operations occurring on the appellant's property.  *See Miller v. Department of Transportation*, 86 M.S.P.R. 293, ¶ 7 (2000) (explaining that "[t]he starting point

---

[3] Although the appellant did not object to the administrative judge's failure to identify the appellant's CAA violation claim as an issue on appeal, we find that she did not waive or abandon it because she raised substantive arguments as to this claim in her prehearing submission, presented evidence on this issue at the hearing, and continues to meaningfully argue the issue on review.  IAF, Tab 18 at 5-6, Tab 22 at 1-2; HT at 92-92, 105 (testimony of a Forest Service Special Agent on cross examination); *see Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶¶ 17-18 (setting forth a nonexhaustive list of factors for determining whether an appellant waived or abandoned a previously identified affirmative defense, such as the thoroughness and clarity with which the appellant raised his affirmative defense, the degree to which the appellant continued to pursue his affirmative defense in the proceedings below after initially raising it, and whether the appellant objected to a summary of the issues to be decided that failed to include the potential affirmative defense when specifically afforded an opportunity to object and the consequences of his failure were made clear).  Although the administrative judge did not address this affirmative defense in the initial decision, the appellant's submissions below show that she nevertheless understood her burden of showing that the agency violated the CAA.  IAF, Tab 18 at 5-6.

in every case involving construction of a statute is the language itself") (quoting *Landreth Timber Company v. Landreth*, 471 U.S. 681, 685 (1985) (citation omitted)). Although the appellant argues that the CAA prohibition applies to Federal law enforcement operations generally, and thus the agency, there is no basis for reaching such a conclusion. PFR File, Tab 3 at 4-5; *see Joseph v. Devine*, 19 M.S.P.R. 66, 68 (1984) (explaining that, under the doctrine of unius est exclusio alterius, when exceptions to a general rule are specifically enumerated, it is not ordinarily permissible to read additional exceptions into the rule). Accordingly, the appellant's affirmative defense that the agency's action is not in accordance with the law is not a basis for reversing her removal.[4]

Finally, after the record closed on review, the appellant filed a motion seeking leave to submit a new pleading. PFR File, Tabs 4, 10. Specifically, she argues that President Biden changed the law by granting a pardon for the Federal crime of possession of marijuana. PFR File, Tab 10 at 4-5. New evidence or legal argument that was previously unavailable despite a party's due diligence warrants review if it is of sufficient weight to merit an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that, to constitute "new and material" evidence for purposes of granting a petition for review, the new evidence must be of sufficient weight to warrant a different outcome from that ordered by the presiding official); 5 C.F.R. § 1201.115(d) (providing that the Board may grant review based on new

---

[4] On review the appellant argues that the constitutionality of the agency's action should be "examine[d]" to determine whether it violated the appellant's freedom of association with her husband, a lawful marijuana user. PFR File, Tab 3 at 3. The administrative judge did not address this affirmative defense in the initial decision, and we decline to consider it because we find that the appellant has waived or abandoned this claim. The appellant, who was represented at all times of the appeal, committed one sentence of her prehearing submission to this affirmative defense; offered no evidence in support of her freedom of association assertions; did not object to the prehearing order's failure to identify this affirmative defense as an issue on appeal, despite having an opportunity to do so; and did not elaborate on this argument on review. IAF, Tab 18 at 3, Tab 22 at 1-2, Tab 24; PFR File, 3 at 3; *see Thurman*, 2022 MSPB 21, ¶¶ 17-18. Accordingly, we decline to address this argument.

and material evidence or legal argument that was not available when the record closed below). According to the appellant this proclamation means that her removal is now "legally erroneous." PFR File, Tab 10 at 5-6. We are not persuaded.

The agency charged the appellant with conduct unbecoming a Federal employee. IAF, Tab 4 at 51. Intent is not an element of a conduct unbecoming charge. *Cross v. Department of the Army*, 89 M.S.P.R. 62, ¶ 9 (2001). Nor is an agency required to prove that an appellant violated a law that was not part of its charge. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (determining that an administrative judge erred to the extent that she considered whether an agency that charged employees with conduct unbecoming proved that the employees violated a policy that was not part of the charge).

On October 6, 2022, President Biden issued a proclamation pardoning individuals lawfully present in the United States, including citizens, whether convicted or not, of "the offense of simple possession of marijuana in violation of the Controlled Substances Act." Proclamation No. 10,467, 87 Fed. Reg. 61441 (Oct. 6, 2022). In support of its charge, the agency alleged that the appellant admitted that marijuana was grown, processed, packaged, and sold at her property. IAF, Tab 4 at 51. It did not allege that the appellant violated the Controlled Substances Act. IAF, Tab 4 at 51. In fact, the agency did not allege that the appellant broke any laws whatsoever. *Id.* at 21-23, 51-53. Therefore, the agency was not required to prove that the appellant committed the crime of possession of marijuana.[5] Instead, it was required to prove that the appellant's conduct was unsuitable or detracted from her reputation. *Miles v. Department of*

---

[5] Even if the President's proclamation was material to the agency's charge, it still would not impact the outcome here. The President pardoned "only the offense of simple possession of marijuana . . . , and not any other offenses related to marijuana." 87 Fed. Reg. at 61441. It is also a crime to "manufacture, distribute, or dispense" marijuana. 21 U.S.C. § 841(a)(1); *see Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 15 (2016) (recognizing that it is illegal to manufacture or possess marijuana under the Controlled Substances Act).

*the Army*, 55 M.S.P.R. 633, 637 (1992). That requirement was satisfied here. Accordingly, the appellant's new argument does not change the outcome of this appeal, and we deny her motion for leave to make an additional submission.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                _____

                                         Gina K. Grippando
                                         Clerk of the Board

Washington, D.C.